Frances T. McKenna
vs.   Div. No. 15411.
Frank A. McKenna

February 12, 1930.

BLODGETT, P. J. Heard upon motion to modify decree of November 9, 1928, under which respondent was ordered to pay $23 a week to petitioner. Since 1928 the respondent has not been in good health and recently his receipts as a physician have fallen off, and at times it has become necessary to borrow money to pay the allowance.

The Court can not see how at the present time it is possible for respondent to pay more than fifteen dollars per week.

An order may be entered modifying the decree of November 9, 1928, in accordance herewith.

For petitioner: C. Leslie Cordery.

For respondent: Peter W. McKiernan.

State of Rhode Island
vs.   Ind. No. 15241.
Vincenzo D'Ambra

DECISION.

February 17, 1930.

CAPOTOSTO, J. Vincenzo D'Ambra stands indicted for assault with intent to kill his wife, Catherine D'Ambra, on May 7, 1929. The defendant, availing himself of the provisions of Chapter 1335 of Public Laws of 1929, waived trial by jury. For the first time in the history of our Courts in this State, evidence on a charge of felony was presented to the Court alone for the determination of the guilt or innocence of the accused. In view of this unique situation, the defendant was extended every possible consideration in the preparation and presentation of his case. In quite a few instances even the rules of evidence were more liberally construed in his favor than would have been advisable had the trial proceeded before a jury.

The picture presented by the testimony as a whole is depressing. The facts reveal a pathetic figure in the person of the wife, who worked for years to bring up a large family and was ultimately rewarded by personal abuse, physical contamination and disfigurement for the remaining years of her life. The husband, on the other hand, while a steady worker and un-

doubtedly saddened within a year or so by the loss of an only son, appears as a man of overbearing qualities which assumed the form of violence when his desires were not immediately complied with. Although at times benevolent, yet in a final analysis his wife to him was a slave and his children were his undisputed chattels. D'Ambra's theory of life was that the will of the master must be obeyed in all instances and in every respect, no matter how trivial or inhuman his wish might be. Acquiescence in his unnatural desires was thrust upon an unwilling and defenceless woman until persistent abuse forced her into determined refusal.

The defendant's present physical condition, now strongly urged in his behalf, is directly traceable to his own wilful indiscretion. He can blame no one but himself. Lust was the basic cause of marital disharmony. The result was a brutal assault upon a faithful and patient wife.

D'Ambra's defence was insanity. Upon suggestion of his counsel, the Court permitted a rather unusual procedure. Mr. Pettine's proposition, in substance, was that the medical experts for the State and for the defence be permitted to examine the defendant in each other's presence, and, after discussing the case from a medical point of view among themselves, return their findings to the Court. This was agreed to by Mr. McLyman, who represented the State, and finally approved by the Court upon the express condition that the parties enter into a written stipulation, signed by counsel and the defendant, personally, specifically setting forth the conditions and duties of all parties concerned. This stipulation was made a part of the record and filed with the papers in the case. To guard against any possible future objection upon technical grounds, the Court required that after such medical examination and discus-

sion as was necessary, each physician file a personal report; that he testify as to the conclusions reached by him and contained in such report in the presence of the defendant; and that the report itself be introduced as an exhibit in the case. This procedure having been agreed upon by the parties, the doctors were sworn by the Court to conduct an impartial examination in accordance with sound medical doctrine.

On January 16, 1930, the medical experts appeared in Court and every one of the six doctors testified that the defendant was not insane at the time the offence was committed. The confusion usually attendant upon the introduction of expert testimony where insanity is a defence was conspicuously absent. A digression may be permitted at this point to commend the medical experts for the disinterested manner in which they all carried out their duty to the individual and to society. From the unanimous result of their individual conclusions it is apparent that the medical experts in this case put aside all partisanship and proceeded to solve the problem submitted to them with jealous concern for the reputation of their honored profession.

There is no doubt that the defendant assaulted his wife in a brutal manner. There is no doubt, moreover, that at the time he committed the act D'Ambra knew what he was doing. The assault upon his wife, therefore, was wilful and deliberate. It is his good fortune that he escaped a charge of murder. Anything which is said in his behalf must be based upon sympathy for his present condition, due to the loss of his only boy and to his own infirmities. No one more than this Court can appreciate the depth of sorrow that the death of a loved son can bring. Yet, such sorrow, if unselfish and true, makes us considerate and appreciative rather than violent and au-

tocratic. D'Ambra now can not shield himself behind the memory of his son.

As for his infirmities, the only thing that can be said for him is that he must suffer the consequences of his own immoral conduct and that he will receive every assistance in a medical way that science can render and that the security of the public will permit.

This Court can reach no other conclusion than that the defendant on May 7, 1929, deliberately assaulted his wife, Catherine D'Ambra, with intent her, the said Catherine D'Ambra, to kill and slay. The judgment of the Court, therefore, is that the defendant is guilty as charged in the indictment.

For State: Benjamin M. McLyman.

For defendant: Anthony V. Pettine, Pettine, Godfrey & Cambio.